**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **PHILIP A. FIORE and** | ) | |
| **KAYLA B. FOGG,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **No. 2:25-cv-00611-SDN** |
| | ) | |
| **TOWN OF OXFORD et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

**RECOMMENDED DECISION ON PARTIAL MOTION TO DISMISS**

On December 8, 2025, Philip Fiore and Kayla Fogg filed a complaint against the Town of Oxford and several individual Defendants alleging violations of their First, Fourth, and Fourteenth Amendment Rights, as well as several state statutory and common law claims. ECF No. 1. In February 2026, Fiore and Fogg filed an amended complaint asserting ten causes of action. Amended Complaint (ECF No. 14). The Town moved to dismiss Counts VIII (False Arrest / False Imprisonment) and X (Conversion / Trespass to Chattels), arguing that they are barred by the statute of limitations. Motion (ECF No. 21). Fiore and Fogg agree that Count VIII can be dismissed. Response (ECF No. 24) at 2. Therefore, I address Count X.

**I. Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff's "factual allegations must be enough to raise a

right to relief above the speculative level . . . ." *Parker v. Hurley,* 514 F.3d 87, 95 (1st Cir. 2008) (cleaned up). Under Rule 12(b)(6), a reviewing court must accept as true all the well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiffs' favor. *Morales-Villalobos v. Garcia-Llorens,* 316 F.3d 51, 52-53 (1st Cir. 2003). But courts cannot rely on "bald assertions, unsupportable conclusions, and opprobrious epithets" when reviewing the factual sufficiency of the complaint. *Educadores Puertorriquenos en Accion v. Hernandez,* 367 F.3d 61, 68 (1st Cir. 2004) (cleaned up).

A statute of limitations affirmative defense "may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that the facts establishing the defense are clear on the face of the plaintiff's pleadings." *Santana-Castro v. Toledo-Dávila*, 579 F.3d 109, 113 (1st Cir. 2009) (cleaned up). "Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.,* 524 F.3d 315, 320 (1st Cir. 2008) (cleaned up). "The key is whether the complaint and any documents that properly may be read in conjunction with it show beyond doubt that the claim asserted is out of time." *Rodi v. S. New Eng. Sch. of Law,* 389 F.3d 5, 17 (1st Cir. 2004).

## II. Factual Background

Fiore and Fogg allege that they were arrested by officers from the Oxford Police Department on March 3, 2023. Amended Complaint ¶¶ 7-22. After their arrests, officers searched their home pursuant to a warrant authorized by an Androscoggin County justice of the peace. *Id.* ¶¶ 25-28. During the search, officers seized several items, including firearms. *Id.* ¶ 28.

Three days later, Fiore and Fogg went to the Oxford Police Department to retrieve Fogg's cellphone. *Id.* ¶ 31. While at the station, they were again "arrested and placed in separate cruisers in the parking lot for approximately an hour while officers wrote tickets." *Id.* ¶ 33. During this time, officers obtained another warrant for their home and conducted a search the same day. *Id.* ¶¶ 41-47. During the second search, officers seized several household items, damaged others, and seized two vehicles. *Id.* ¶¶ 48-53.

## III. Discussion

Tort claims, such as conversion and trespass to chattels, brought against governmental entities and employees are controlled by the Maine Tort Claims Act (MTCA). *Diviney v. Univ. of Maine Sys.*, 2017 ME 56, ¶ 15, 158 A.3d 5. The MTCA reestablished governmental immunity after it was abrogated in 1976. *See Rivard v. City of Lewiston,* 516 A.2d 555, 555-56 (Me. 1986) ("The Maine Tort Claims Act reinstated the general shield of governmental immunity subject to limited exceptions."). In reestablishing immunity, the MTCA provides a "limited relaxation of common-law sovereign immunity." *Peters v. City of Westbrook,* 2001 ME 179, ¶ 6,

787 A.2d 141.[1] Part of the MTCA statutory scheme is a two-year statute of limitations. 14 M.R.S.A. § 8110 ("Every claim against a governmental entity or its employees permitted under this chapter is forever barred from the courts of this State, unless an action therein is begun within 2 years after the cause of action accrues . . . .").

The Town argues that Fiore and Fogg failed to file their conversion and trespass to chattels claim within the applicable two-year statute of limitations. Motion at 5-7. In response, Fiore and Fogg concede that the "Defendants' March 2023 seizures were lawful on their face," and attempt to shift the focus of Count X to early 2025 when they allegedly demanded the return of their property—as described in a declaration attached to the response. Response at 4; Fiore Declaration (ECF No. 24-1). Relying on these new facts, they assert that Count X constitutes a continuing tort that did not accrue until April 2025. Response at 4. This tactic is problematic for two reasons. First, a lawful seizure, by itself, cannot form the basis of a conversion or trespass to chattels claim. *See Whiting v. Whiting*, 111 Me. 13, 13 (1913) (holding that "it is well settled that a mere detention of another's chattels, which rightfully came into one's possession, is not an actionable conversion"); Restatement (Second) of Torts § 266 (Am. L. Inst. 1965) ("One is privileged to commit acts which would otherwise be a trespass to a chattel or a conversion when he acts pursuant to a court order which is valid or fair on its face."). Thus, because Fiore and

[1] Because the MTCA constitutes only a limited relaxation of sovereign immunity, its provisions are strictly construed. *See Darling v. Augusta Mental Health Inst.*, 535 A.2d 421, 424 (Me. 1987) ("Courts strictly construe any exception to governmental tort claims immunity.").

Fogg concede that the 2023 searches were undertaken pursuant to a facially valid warrant, those searches cannot support Count X.[2]

Second, Fiore and Fogg are precluded from introducing new facts in response to the motion to dismiss.[3] *See Olszewski v. Hutchins*, 1:24-cv-00209-JAW, 2025 WL 2144994, at *25 (D. Me. July 29, 2025) ("The Defendants are correct that the Plaintiffs cannot, of course, add allegations or claims by furnishing them for the first time in an opposition to a motion to dismiss." (cleaned up)); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss . . . ."). Consequently, the 2025 events described in the Fiore Declaration cannot support the conversion and trespass to chattels claim in the amended complaint.[4]

---

[2] Even if Fiore and Fogg had not made this concession, as argued by the Defendants, the 2023 searches fall outside the statute of limitations, as they occurred approximately two years and nine months before the initial complaint was filed. *See* 14 M.R.S.A. § 8110; Complaint (ECF No. 1).

[3] The Fiore Declaration attempts to fundamentally change the factual basis of Count X to avoid the bar of the statute of limitations. Fiore contends that, due to being subject to an April 2023 protection from abuse order, he was prohibited from possessing firearms until April 20, 2025. *See* Fiore Declaration at 1; ECF No. 24-4. Therefore, the Plaintiffs argue that no conversion or trespass to chattels occurred until after the expiration of the PFA order in April 2025. Response at 4; Fiore Declaration at 1. This position is inconsistent with Count X's original foundation in the amended complaint, which centered on the 2023 searches of Fiore and Fogg's home and the seizure of their property. *See generally* Amended Complaint. Because it is improper "for a plaintiff to bolster the allegations of the Amended Complaint through the late addition of new facts in opposing a motion to dismiss," Count X is subject to dismissal. *Doe Next Friend of A v. Spears*, 630 F. Supp. 3d 290, 295-96 (D. Mass. 2022).

[4] Although not raised by the Defendants, I note that the MTCA waiver of immunity is limited to property damage, bodily injury, or death resulting from four categories of government conduct including acts or omissions (1) in the government's ownership, maintenance or use of vehicles, machinery, and equipment; (2) in the construction, operation or maintenance of any public building; (3) in the discharge of pollutants; and (4) arising out of and occurring during the performance of road construction, street cleaning or repair. 14 M.R.S.A. § 8104-A(1)-(4). Based on the statute's plain language, these exceptions to immunity do not appear to apply to the facts alleged in the amended complaint. Moreover, executing a search warrant is a discretionary act for which the individual Defendants are likely entitled to immunity. *Id.* §§ 8104-B(3), 8111(1)(C); *Jenness v. Nickerson*, 637 A.2d 1152, 1159 (Me. 1994) ("Because the Officers were conducting discretionary acts [in the execution of a search warrant], the Superior Court properly found that section 8111(1)(C) renders them immune from suit.").

Accordingly, Count X should be dismissed both because the 2023 searches were conducted pursuant to a facially valid court order and because Fiore and Fogg cannot supplement the record with new facts in response to the motion to dismiss.

## IV. Conclusion

For the foregoing reasons, I recommend that the Court **GRANT** the motion to dismiss on Counts VIII and X.

***NOTICE***

***A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.***

***Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.***

Dated: November 17, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge